**LIBBEY–OWENS–FORD GLASS COM-PANY, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**GENERAL MOTORS CORPORATION, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**Nos. 15663, 15664.**

United States Court of Appeals Sixth Circuit.

Nov. 9, 1965.

Rehearing Denied in No. 15663, Dec. 6, 1965.

---

Joseph J. Smith, Jr., Washington, D. C., Ross S. Carey, Gen. Counsel, Toledo, Ohio, George W. Wise, Washington, D. C., Julian M. Kaplin, Toledo, Ohio, on brief; Hogan & Hartson, Washington, D. C., of counsel, for petitioner, Libbey-Owens-Ford Glass Co.

William Simon, Washington, D. C., Aloysius F. Power, Gen. Counsel, Detroit, Mich., John Bodner, Jr., Washington, D. C., on brief; Frazer F. Hilder, John B. Clayton, Detroit, Mich., Howrey, Simon, Baker & Murchison, Washington, D. C., of counsel, for petitioner General Motors Corp.

Louis Russell Harding, Federal Trade Commission, Washington, D. C., James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Miles J. Brown, Atty., Federal Trade Commission, Washington, D. C., on brief, for respondent.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and TAYLOR, District Judge.*

PER CURIAM.

These two cases are before the Court on petitions to review cease and desist orders of the Federal Trade Commission issued upon complaint charging Libbey-Owens-Ford Glass Co. (LOF), a manufacturer and sole supplier of automobile glass for General Motors cars, and General Motors Corporation (GM) with unfair and deceptive acts and practices and unfair methods of competition in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

Specifically, the facts as to LOF involved twenty-two television commercials purporting to show the superiority of safety plate glass used in all of the windows of GM cars over safety sheet glass used in the side and rear windows of non-GM cars. The facts as to GM involved the televising of one commercial on two separate occasions purporting to show the same superiority.

The Commission found in both cases that the commercials contained false representations that the plate glass used in the side and rear windows of GM cars was the same grade and quality as the plate glass used in the windshields of GM cars,[1] and that the sheet glass used in the side and rear windows of non-GM cars was the same grade and quality as sheet glass used in home windows. The Commission also found that the commercials in both cases contained false demonstrations achieved through the use of undisclosed "mock-ups" or "props". In respect to LOF it was found that the commercials exaggerated the distortion in sheet glass by using different camera lens in filming, more acute angles, and other techniques, including taking a photograph through an open window instead of through the plate glass window as the viewer was led to believe. As to GM the same exaggeration was achieved by the use of streaks of vaseline applied to the glass being photographed and panning the camera from side to side as though the viewer were walking past a home window. Based on these findings the Commission ordered LOF and GM to cease and desist from such practices.

Both LOF and GM contended that there was no basis for the inferences drawn by the Commission that the commercials misrepresented that the grade and quality of plate glass used in the side and rear windows of GM cars was the same as plate glass used in the windshields of GM cars, and that the sheet glass used in the side and rear windows of non-GM cars was the same grade and quality as the sheet glass used in home windows.

■ We think that it was within the discretion of the Commission to interpret and determine the meaning of the commercials and the impressions they would likely make upon the viewing public. Koch v. Federal Trade Comm'n, 206 F.2d 311, 319 (6th Cir. 1953). The weight to be given the facts as well as inferences reasonably to be drawn therefrom was for the Commission. Federal Trade Comm'n v. Pacific States Paper Trade Ass'n, 273 U.S. 52, 63, 47 S.Ct. 255, 71 L.Ed. 534 (1927).

■ The decision of the Supreme Court in Federal Trade Comm'n v. Colgate-Palmolive Co., 380 U.S. 374, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965) disposed of the "mock-up" issue here. There, the Court held that the undisclosed use of mock-ups was a deceptive practice even though the test, experiment or demonstration actually proved the product claim.

---

* Robert L. Taylor, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. The windshields were actually made of laminated safety plate glass, which was accomplished by bonding two pieces of glass to a plastic interlayer. The side and rear windows, however, contained no lamination, but were made of tempered safety plate glass. There was no difference in visibility in the two types of windows, but difference in safety factors existed.

On the authority of Colgate we sustain the Commission's order barring LOF and GM from using undisclosed mock-ups in advertising automotive glass products. We find no merit in LOF's contention that it should not be held liable for the use of props by the film producer who, it claims, was an independent contractor. It asserted that in good faith it directed the advertising agency to present a fair commercial and it was unaware of the use of the open window. In our opinion LOF may not delegate its advertising to an independent contractor and escape liability for the acts of its advertising agency and film producer in advertising LOF products.

We find no merit in GM's contention that Colgate does not apply to it because the kind of misrepresentation presented by the Colgate commercials was not contained in the GM commercial.

In our judgment upon consideration of the record as a whole there was substantial evidence to support the findings of fact of the Commission and they are binding on us. 15 U.S.C. § 45(c); Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950).

GM claimed that the order was improper as to it because it abandoned its single commercial eighteen months prior to the Commission's complaint and, as found by the Commission, had no intention of using the commercial again. It also argued on the same grounds that there is no public interest. It was within the Commission's discretion to determine if the public interest was affected, and to frame an order to protect against related and similar practices in the future, some of which were not embraced in GM's assurances. Federal Trade Comm'n v. Colgate-Palmolive Co., 380 U.S. 374, 85 S.Ct. 1035 (1965); Carter Products Inc. v. Federal Trade Comm'n, 323 F.2d 523 (5th Cir. 1953). We find no abuse of discretion.

The only remaining questions go to the scope of the orders which both petitioners claimed were too broad. We think the order entered against LOF was not too broad and was authorized by Colgate. The Commission had authority to stop misrepresentations as to other glass products in other advertisements. The order against GM was also authorized except the following language contained in paragraph 1(a) therein: "or otherwise misrepresenting the grade or quality of glass used in any window." We believe this portion of the order was too vague and indefinite to warrant enforcement. It is therefore ordered that the quoted language be stricken from the order.

The order of the Commission in No. 15,663 is affirmed and enforced.

The order of the Commission in No. 15,664, is affirmed and enforced as modified.

### On Petition for Rehearing

Upon consideration of the Petition for Rehearing, it is ordered that there be deleted from Paragraph 1(a) of the Commission's final order entered against Libbey-Owens-Ford Glass Company, the words "or otherwise misrepresenting the grade or quality of glass used in any window".

It is further ordered that the Petition for Rehearing be and it is hereby denied.