**DIENER'S, INC., et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 73-1184.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 22, 1974.

Decided March 22, 1974.

Jacob A. Stein, Washington, D. C., for petitioners.

Robert E. Duncan, Atty., F.T.C., with whom Harold D. Rhynedance, Jr., Asst. Gen. Counsel, Washington, D. C., was on the brief, for respondent.

Before McGOWAN and MacKINNON, Circuit Judges, and CHRISTENSEN *, United States Senior District Judge for the District of Utah.

PER CURIAM:

This is a petition to review a Federal Trade Commission cease and desist order directed against certain advertising practices found by the Commission to violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and Sections 4(a) and (c) of the Textile Fiber Products Identification Act, 15 U.S.C. § 70b(a) and (c). We have examined petitioners' contentions carefully and find that they establish no basis for setting aside the Commission's order. We are persuaded, however, that one part of the remedial order is cast in inappropriately absolute terms, and we have accordingly modified that portion to correspond to the purpose and effect that the Commission has represented to us, both in its brief and at oral argument, it intended. We affirm the Commission's order, as modified by this court, and grant enforcement.

■ Petitioners first assert that the Commission improperly fused the roles of judge and prosecutor in the manner and degree to which it relied on the testimony of an FTC investigator in determining the existence of the asserted violations. We disagree. Although a point does exist at which a blending of prosecutorial and adjudicative functions will deprive a party of a fair administrative hearing, *see*, *e.g.*, Amos Treat & Co. v. SEC, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962), it does not appear to us that that point has been reached in this case. The investigator's testimony did not drift into a representation by him of the ultimate validity of the charges. Moreover, the Commission expressed an awareness of the potential problems of accepting its investigator's testimony, and was careful to assess this evidence in the proper light. Having examined

the record and the opinions of the Administrative Law Judge and the Commission, we find no indication that petitioners were denied a fair administrative adjudication. *Cf*. Kennecott Copper Corp. v. FTC, 467 F.2d 67, 79 (10th Cir.), cert. denied, —— U.S. ——, 94 S.Ct. 1617, 40 L.Ed.2d 114 (1974); FTC v. Cinderella Career and Finishing Schools, 131 U.S.App.D.C. 331, 404 F.2d 1308, 1315 (1968).

■ Petitioners also claim that the Commission failed to articulate a basis for holding that entry of its order is in the public interest. To the extent that this claim rests on an assertion that the Commission order is not based on substantial evidence of record, it is without merit. Equally unpersuasive is petitioners' claim that the proven violations occurred too far in the past to justify an order aimed at present and future practices. Clearly the Commission is not powerless to issue a cease and desist order on the basis of past practices that have not been shown to have continued to the present. See Giant Food, Inc. v. FTC, 116 U.S.App.D.C. 227, 322 F.2d 977, 986 (1963), cert. dismissed, 376 U. S. 967, 84 S.Ct. 1121, 12 L.Ed.2d 82 (1964), and cases cited therein. And even assuming the existence of a point at which past practices must be considered too dated to support an FTC cease and desist order, we do not find the time span between the occurrence of the proven violations and the issuance of this order to present any significant problem.

■ One assertion of error by petitioners does have merit. Petitioners assert that the Commission order subjects them to a competitive handicap. Pointing out that the Commission order against their competitor, Giant Food, Inc., allows Giant to make savings claims in relation to either the difference between Giant's previous and present prices or in relation to differences between Giant's prices and, those of its competitors,[1] petitioners insist

* Sitting by designation pursuant to Title 28, U.S.Code, Section 294(d).

1. The relevant portion of the order against Giant Food, Inc. prevents Giant from:

Representing in any manner that by purchasing any of its merchandise, customers are afforded savings amounting to the difference between respondent's stated price

that the Commission has prevented them from making the full range of savings claims that Giant's order permits. In response, the Commission asserts that a reading of the order in its entirety reveals that it does not preclude claims of savings over competitors' prices, so long as such representations satisfy the basic requirements of paragraph four and five governing "trade area savings" claims. The Commission further maintains that petitioners did not voice any similar objection in the proceedings before it, and that the matter is not deserving of judicial attention since, in any event, petitioners can seek clarification by raising the matter with the Commission when they file their compliance reports.

We do not feel that approval of the order in its present form is a prudential resolution of this issue. Examination of the entire order does suggest that perhaps petitioners may be unduly sensitive to the language of certain parts. Nonetheless, portions of the order do speak in sweeping terms and may leave petitioners justifiably uncertain as to what they can, and what they cannot, do. We think that an ordering provision should be as free of ambiguity as possible. Thus we feel it appropriate to exercise our power of appellate modification, 15 U.S.C. § 45(d), to recast the order in more specific terms corresponding with the interpretations of the present order that the Commission has offered to this court. While recognizing that our modification may in some respects compound the already existing redundancy of some of its provisions, a redundant cease and desist order is, surely, preferable to an ambiguous one.

Petitioners have offered four modifications of the order which, they assert, are required to correct its deficiencies. We have examined petitioners' proposed modifications in light of the nature of their objections, as well as the evidence of record concerning the nature and scope of their violations, and have concluded that our modification of paragraph two of the order will adequately resolve the existing ambiguities. Accordingly, we modify paragraph two to read:

> Using the words "Save" or "Savings" or any other word or words of similar import or meaning in conjunction with a stated dollar or percentage amount of savings *between respondents' stated price and any other price used for comparison with that price,* unless the stated dollar or percentage amount of savings actually represents the difference *between the offering price and the actual price at which a substantial number of principal retail outlets in the trade area regularly sell or offer the merchandise for sale or* between the offering price and the actual bona fide price at which such merchandise had been sold or offered for sale on a regular basis to the public by the respondents for a reasonably substantial period of time in the recent, regular course of their business. [Modifications in emphasis]

We reject petitioners' other proposed modifications. Petitioners' suggested alteration of paragraph 5(a) is unnecessary, particularly in light of our modification of the second paragraph. Paragraph 5(a) is, by its terms, limited to savings claims between "respondents' stated price and respondents' former price," and, as such, is both readily understandable and warranted by the evidence of record. Petitioners' suggested modifications to the first and third paragraphs are both unnecessary and unsound.

and any other price used for comparison with that price, unless a substantial number of the principal retail outlets in the trade area regularly offer the merchandise for sale at the compared price or some higher price or unless respondent has offered such merchandise for sale at the compared price in good faith for a reasonably substantial period of time in the regular recent course of business.

In re Giant Food, Inc., Order Making Final Modifications of Order to Cease and Desist, 66 F.T.C. 476, 478–79 (1964).

In all other respects, the order of the Commission is affirmed and its enforcement, as modified by this court, is granted.

It is so ordered.