**FEDDERS CORP., Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 104, Docket 75–4051.

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1975.

Decided Jan. 21, 1976.

Sydney B. Wertheimer, New York City (Jeffrey H. Schneider, Weisman, Celler, Spett, Modlin & Wertheimer, New York City, of counsel), for petitioner.

Denis E. Hynes, Atty., Federal Trade Commission (Robert J. Lewis, Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, Federal Trade Commission, of counsel), for respondent.

Before MULLIGAN, OAKES and MESKILL, Circuit Judges.

OAKES, Circuit Judge:

Petitioner seeks review of a final order entered against it by the Federal Trade Commission. The order stems from an investigation and determination by the Commission that petitioner has made serious misrepresentations in the advertising claims it has used to promote sales of its air conditioning equipment. Specifically, the Commission found that Fedders has claimed in its advertising that its air conditioners are unique, because they have "reserve cooling power," a term which the parties agree was intended to imply an unusual ability to produce cold air under extreme conditions of heat and humidity. In fact, however, the Fedders conditioners had no objective technical advantage over the equipment manufactured by its competitors. Accordingly, the Commission concluded that petitioner was engaging in misrepresentations in its advertising in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).[1] A cease and desist order was entered by the Commission which prohibits Fedders from:[2]

1. Representing, directly or by implication, that any air conditioner, on the basis of a comparison thereof with the air conditioners of other manufacturers then being marketed in the United States in commercial quantities, is unique in any material respect, unless such is the fact;

2. Making, directly or indirectly, any statement or representation in any advertising or sales promotional material as to the air cooling, dehumidification, or circulation characteristics, ca-

---

1. 15 U.S.C. § 45 provides in pertinent part:

(a)(1) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.

   .    .    .    .    .

(6) The Commission is empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.

2. Other provisions of the Commission's order require the petitioner to maintain records available for FTC staff inspection which show the documentary materials in support of any claim disseminated in Fedders advertising concerning "the air cooling, dehumidification, or circulation characteristics, capacity, or capability of, or the uniqueness of any feature of, any of respondent's air conditioners." The order was issued on January 14, 1975, and is to be in effect for a period of ten years.

pacity or capabilities of any air conditioner, unless at the time of such representation respondent has a reasonable basis for such statement or representation, which shall consist of competent scientific, engineering or other similar objective material or industry-wide standards based on such material.

. . .

Review is sought here under 15 U.S.C. § 45(c).

■ Fedders does not challenge the Commission's finding that Fedders' advertising involved misrepresentations.[3] Instead, it contends that the Commission's order is impermissibly broad in that it prohibits practices which are not sufficiently related to the unlawful practice actually found by the Commission and that these practices are, therefore, outside the proper scope of the Commission's remedial order. *See Jacob Siegel Co. v. FTC,* 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946); *FTC v. Royal Milling Co.,* 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706 (1933). More specifically the claim is, as it has been all along,[4] that the order appealed from covers not only "uniqueness" claims of the type which has been found false by the administrative law judge, but also covers advertising claims with respect to "performance characteristics" of the product, *i. e.,* air cooling, dehumidification and circulation, which Fedders claims were not involved in the FTC proceeding. Since Fedders

quite properly agrees that the Commission has the power within its discretion to enjoin "like and related acts" to the one condemned, *FTC v. Mandel Bros., Inc.,* 359 U.S. 385, 393, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959), the question before us is whether the Commission's order is sufficiently narrow to come within that standard. We hold that it is and deny the petition for modification of the order.

■ There is much broad language in the cases that the Commission has a wide discretion in its choice of a remedy to "cope with the unlawful practices" disclosed by the record. *Id.* at 392, 79 S.Ct. [818] at 824; *Jacob Siegel Co. v. FTC, supra,* 327 U.S. at 611, 66 S.Ct. 758. The Commission

> is not limited to prohibiting "the illegal practice in the precise form" existing in the past. *Federal Trade Comm. v. Ruberoid Co.,* 343 U.S. 470, 473, 72 S.Ct. 800, 803, 96 L.Ed. 1081 [1952]. This agency, like others, may fashion its relief to restrain "other like or related unlawful acts." *Labor Board v. Express Pub. Co.,* 312 U.S. 426, 436, 61 S.Ct. 693, 700, 85 L.Ed. 930 [1941].

*FTC v. Mandel Bros., Inc., supra,* 359 U.S. at 392, 79 S.Ct. at 824. "One cannot generalize as to the proper scope of these orders. It depends on the facts of each case and a judgment as to the extent to which a particular violator should

---

**3.** There were in fact three misrepresentations found by the Commission, none of which are challenged here: (1) that "reserve cooling power" is a unique feature of the Fedders room air conditioners; (2) that Fedders room air conditioners compared with all other conditioners have a significantly increased cooling capacity at high loading conditions under customary use; and (3) that Fedders had a reasonable basis for concluding that compared with all other room air conditioners its product had that increased cooling capacity.

As will be discussed in the text below the Commission also found that

> [i]n claiming that only Fedders' air conditioners possessed RCP, respondent was clearly making a statement about the performance of its product, namely that this performance was unmatched. What rendered these false representations material in

the eyes of consumers, and no doubt what led respondent to make them, was the message they conveyed about the relative performance of the product, and not merely the message of "uniqueness" in some disembodied sense.

**4.** The Commission in its original complaint set forth an order which it had "reason to believe should issue" if the facts were found as indeed they were. Paragraph 4 of this draft order forbade any performance claims unless substantiated and from its initial answer petitioner has objected to any restriction on "performance" claims. Paragraph 2 of the administrative law judge's order applied to any and all unsubstantiated performance claims but the Commission's final order, set forth in the text at footnote 2, limited this paragraph to performance claims relating to "air cooling, dehumidification, or circulation characteristics."

be fenced in." *Id.* Congress has placed the primary responsibility for fashioning orders upon the Commission, and for this reason the courts should not lightly choose to modify the Commission's orders. *FTC v. Colgate-Palmolive Co.,* 380 U.S. 374, 392, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965); *FTC v. Cement Institute,* 333 U.S. 683, 726, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). So long as the remedial order is reasonably related to the unlawful practices found to exist, the Commission's order should be upheld. *FTC v. National Lead Co.,* 352 U.S. 419, 428, 77 S.Ct. 502, 1 L.Ed.2d 438 (1957); *Hoving Corp. v. FTC,* 290 F.2d 803, 806 (2d Cir. 1961).

■■ At the same time we take full cognizance of the petitioner's point that, as we expressed it in *Country Tweeds, Inc. v. FTC,* 326 F.2d 144, 149 (2d Cir. 1964), the overall concept of "reasonableness" has required the narrowing of deceptive advertising orders so that they more closely relate to the offending conduct while "still sufficiently prohibiting 'variations on the basic theme.'" *See Vanity Fair Paper Mills, Inc. v. FTC,* 311 F.2d 480, 487 (2d Cir. 1962). *See also Spiegel, Inc. v. FTC,* 411 F.2d 481 (7th Cir. 1969). Mr. Justice Jackson's admonitions in his *Ruberoid* dissent, 343 U.S. at 480, 72 S.Ct. 800 *et seq.,* have not gone unheeded in the courts. And we are fully aware of the suggestion in *FTC v. Henry Broch & Co.,* 368 U.S. 360, 367–68, 82 S.Ct. 431, 7 L.Ed.2d 353 (1962), reiterated in *FTC v. Colgate-Palmolive Co., supra,* 380 U.S. at 392, 85 S.Ct. 1035, that the stiff penalty procedures under § 45(*l*), *see Brown & Williamson Tobacco Corp. v. FTC,* 527 F.2d 1115 (2d Cir. 1975), may well require a more specific and precise order than would have been necessary prior to the enactment of those penalties in 1959.[5] We note, however, that no problem of lack of specificity or precision in the order is involved here. Fedders' argument is

that a false "performance" claim is not simply a "variation upon the basic theme" of a false "uniqueness" claim. A performance misrepresentation, the argument runs, is an offense so distinct from and so much greater than a false claim of uniqueness as not to be "like or related."

■■ There is no dispute that paragraph 1 of the Commission's order is reasonably related to the unlawful misrepresentations Fedders has engaged in. Ordering Fedders to cease and desist from making claims that its air conditioners are "unique in any material respect, unless such is the fact," is obviously directly responsive to the Commission's finding that Fedders' claim that its products possessed a "reserve cooling power" was a spurious claim of unique product quality. Petitioner properly concedes that the Commission has authority "to frame its order broadly enough to prevent [the petitioner] from engaging in similarly illegal practices in future advertisements." *FTC v. Colgate-Palmolive Co., supra,* 380 U.S. at 395, 85 S.Ct. at 1048. Clearly, paragraph 1 of the order in this case was made well within that authority.

Paragraph 2 of the FTC order, we think, stands on no different footing. This part of the order, which forbids petitioner from making advertising claims as to the "air cooling, dehumidification, or circulation characteristics, capacity or capabilities of any air conditioner" unless substantiated is also reasonably related to the prior misrepresentations which Fedders employed in its sales program. The false claim made by Fedders that its air conditioners possessed "reserve cooling power" implied that some feature of the cooling, dehumidifying or circulation systems of the equipment allowed them to perform better than other air conditioners would at extreme temperature and humidity conditions. That is to say,

---

**5.** *See United States v. J. B. Williams Co.,* 498 F.2d 414 (2d Cir. 1974), for the statutory scheme regarding penalties.

Professor Jaffe attributes the *Vanity Fair* and *Country Tweeds* modifications of FTC or-

ders to the suggestion in *FTC v. Henry Broch & Co.,* 368 U.S. 360, 82 S.Ct. 431, 7 L.Ed.2d 353 (1962). *See* L. Jaffe, Judicial Control of Administrative Action 316–18 (1965).

the vague design claim relating to a reserve cooling power implicated the basic performance characteristics of the entire product. The administrative law judge put it somewhat confusedly when he said that "Respondent has admitted disseminating a false performance claim for its room air conditioners relating to the uniqueness of the ability of its room air conditioners to function satisfactorily at conditions of extreme heat and humidity." The respondent, petitioner here, made no such admission but rather admitted only false claims of uniqueness, the only deceptions charged in the complaint. But as the Commission held, note 3 *supra,* the claim of uniqueness in having "reserve cooling power" was also a performance claim by implication. "Uniqueness," as the Commission footnoted, "is obviously both an attribute in itself and one facet of broader categories of product characteristics, such as price, performance and warranty terms."

As to this finding, that the uniqueness claim as to reserve cooling power implies to consumers a claim of high cooling performance in extreme conditions of heat and humidity, we are in the very realm of the Commission's greatest expertise—what constitutes deception in advertising. *See United States v. J. B. Williams Co.,* 498 F.2d 414, 445 (2d Cir. 1974) (dissenting opinion). As such the reviewing court must give the Commission's findings "great weight." *See FTC v. Colgate-Palmolive Co., supra,* 380 U.S. at 385, 85 S.Ct. 1035. On the basis of this finding of implicit misrepresentation the remedial order appears sound as reasonably related thereto. *National Dynamics Corp. v. FTC,* 492 F.2d 1333, 1336 (2d Cir.) (per curiam), *cert. denied,* 419 U.S. 993, 95 S.Ct. 303, 42 L.Ed.2d 265 (1974). By limiting the order to unsubstantiated representations as to "cooling, dehumidification, or circulation characteristics, capacity or capabilities," as opposed to the administrative law judge's proscription as to "any" performance characteristic, which would include energy usage, durability or quiet-

ness, for example, the Commission has done the necessary limitation which reasonableness would require. More than this a reviewing court may not direct.

Fedders makes two additional arguments bearing upon the scope of the Commission's order, but these are subject to speedy disposition. Petitioner argues that since the unlawful acts complained of had been discontinued prior to the filing of the Commission's complaint, its cessation of the offending activity, combined with its written assurance that it will not again resume it, weighs in favor of limiting the order. *See Country Tweeds, supra,* 326 F.2d at 149. The fact that Fedders may have discontinued the offending practice before the Commission issued the complaint in this case, however, does not bar a cease-and-desist order, where the public interest otherwise requires it. *Diener's, Inc. v. FTC,* 161 U.S.App.D.C. 213, 494 F.2d 1132, 1133 (1974) (per curiam); *Cotherman v. FTC,* 417 F.2d 587, 595 (5th Cir. 1969); *Libby-Owens-Ford Glass Co. v. FTC,* 352 F.2d 415, 418 (6th Cir. 1965). Furthermore, the term "reserve cooling power" had been used in Fedders advertising for six or seven years—the claims were described in a bulletin to its distributors as "[o]ld powerful selling friends." These were not, then, merely casual advertising claims. Their discontinuance, the administrative law judge found, was *not* a "voluntary action" but came about as a result of Fedders' "awareness of the Commission's investigation of its advertising." The propriety of the order, under the case law, cannot be challenged. *Coro, Inc. v. FTC,* 338 F.2d 149, 153 (1st Cir. 1964), *cert. denied,* 380 U.S. 954, 85 S.Ct. 1088, 13 L.Ed.2d 971 (1965); *Galter v. FTC,* 186 F.2d 810, 812–13 (7th Cir.), *cert. denied,* 342 U.S. 818, 72 S.Ct. 34, 96 L.Ed. 619 (1951).

Fedders also claims that the Commission's order is overly broad because it is not, by its terms, limited to objective representations of uniqueness or performance characteristics but also

prohibits subjective product claims which are, by definition, incapable of being proven by "scientific or engineering" data. But we do not read the order to have intended the restriction suggested by petitioner. It is only the claim which fairly, if not necessarily, implies some underlying objective basis that the order reaches. We would not hamstring the Commission by reading its order to apply only to "objective" claims, since it is the impliedly as well as actually objective assertions which effect the deception the Commission is attempting to forestall. On the other hand, we need not and do not consider, in the light of the proceeding below, *see Swift & Co. v. United States,* 393 F.2d 247, 256 (7th Cir. 1968), that the order was aimed at the *purely* subjective arguments which merchants sometimes indulge in while hawking their wares.[6] The Commission order may not be construed to have intended to restrict petitioner by requiring objective data to support purely subjective claims, absent an aura of underlying objective support suggested by the advertisement when viewed as a whole. If there is any uncertainty in the application of this order to the petitioner, the uncertainty may be resolved under the Commission's Rules of Practice which permit petitioner to ascertain in advance whether a particular advertising claim comes within the scope of the order, 16 C.F.R. 3.61(d), (e). *FTC v. Colgate-Palmolive Co., supra,* 380 U.S. at 394, 85 S.Ct. 1035; *Vanity Fair Paper Mills, Inc. v. FTC, supra,* 311 F.2d at 488.

Petition dismissed.

---

**6.** The Commission, in its brief, has admitted that "to the extent that Fedders makes claims that are solely subjective for their product, there is no need for substantiation."