Raymond LEE, Petitioner,

v.

**FEDERAL TRADE COMMISSION,**
**Respondent.**

**No. 79–1286.**

United States Court of Appeals,
District of Columbia Circuit.

June 6, 1980.

Before TAMM and WALD, Circuit Judges and GASCH *, United States District Court Judge for the District of Columbia.

## AMENDED JUDGMENT

PER CURIAM.

This cause came on to be heard on the petition for review of an order of the Federal Trade Commission and was argued by counsel. On consideration of the foregoing, it is

ORDERED AND ADJUDGED by this Court, that the order of the Federal Trade Commission under review herein is hereby affirmed, and the Commission's order enforced, for the reasons set forth in the attached memorandum.

## MEMORANDUM

Raymond Lee appeals an order of the Federal Trade Commission enjoining him and the Raymond Lee Organization (RLO), an "idea promotion" firm, from engaging in false and deceptive practices. He claims the order is both overbroad and unlawful in restricting his future personal activities. We find the Commission's order lawful, and, accordingly, we affirm.

The Commission filed an administrative complaint on July 15, 1975, against Raymond Lee, RLO, and Lawrence Peska, a former official of the organization, claiming they violated section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (1976), by deceiving customers who contracted for their invention promotion services. An Administrative Law Judge held forty days of hearings, at which eighty-six witnesses testified. On the basis of the evidence presented, he concluded that the defendants had violated section 5. *Raymond Lee Organization, Inc.*, 92 F.T.C. 489 (1978) (initial

* Sitting by designation pursuant to Title 28    U.S.C. § 292(a).

decision). He issued a cease and desist order prohibiting future misrepresentations by the respondents about the value or nature of RLO's services. On appeal, the Commission affirmed the Administrative Law Judge's findings, concluding:

> [T]he record convincingly demonstrates that respondents provide worthless services that bear little resemblance to what they tout in their advertising, promotional, and sales pitches. These unfair and deceptive practices are exacerbated by respondents' acceptance and retention of the substantial fees that inventors pay in the reasonable hope and expectation that respondents will provide the expert assistance they represent.

*Id.* at 637 (opinion). The Commission amended the order to require Lee to cease and desist in the future from "misrepresenting, directly or indirectly, the nature or value" of "any service or program to assist a customer in making money . . . ." *Id.* at 657–58 (final order). Lee appeals this order.

■ The Commission's order is clearly permissible. The Commission is empowered to take appropriate measures to end deceptive practices. *See FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 392, 85 S.Ct. 1035, 1046, 13 L.Ed.2d 904 (1965). RLO is not in business at present, but the organization could rise again in corporate form, and the Commission rightly can fashion the order to prevent the resurrection of discontinued practices. *See Fedders Corp. v. FTC*, 529 F.2d 1398, 1403 (2d Cir.), *cert. denied*, 429 U.S. 818, 97 S.Ct. 63, 50 L.Ed.2d 79 (1976); *Giant Food Inc. v. FTC*, 322 F.2d 977, 986

(D.C.Cir.1963), *cert. denied*, 376 U.S. 967, 84 S.Ct. 1121, 12 L.Ed.2d 82 (1964).

■ The order also properly extends to Lee. This "fencing in" provision prohibits Lee from engaging in deceptive practices in the future should he offer his services to help others make money. As the Supreme Court has noted, once the Commission finds deceptive practices, "[i]t has wide latitude for judgment and the courts will not interfere except where the remedy selected has no reasonable relation to the unlawful practices found to exist." *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 613, 66 S.Ct. 758, 760, 90 L.Ed. 888 (1946). This order bears such a relation. The Commission produced overwhelming evidence of Lee's deceptive practices in conducting his business. The order merely prohibits Lee from engaging in such illegal conduct in the future. That is not too much to ask.

We have considered Lee's other contentions and find them to be without merit.[*]

The order of the Commission is

*Affirmed.*

---

[*] Lee believes prejudicial bias by Commission staff members tainted the proceedings and requires reversal. Prejudicial comments, if any, were made by staff members who did not participate in the Commission's decision. We therefore find no bias. *See Corning Glass Works v. FTC*, 509 F.2d 293, 303–04 (7th Cir. 1975). *Cf. Cinderella Career and Finishing Schools Inc. v. FTC*, 425 F.2d 583 (D.C.Cir.

1970) (prejudicial comments by Commissioner on a case require his recusal on that matter).

Lee also claims the Commission reneged on several negotiated settlements, thus violating his right to due process under the Administrative Procedure Act, 5 U.S.C. § 554(c)(1) (1976). Examination of the record though reveals that the parties never agreed on a settlement, so such a claim is meritless.