817 F.2d 102
 55 USLW 2616, 1987-1 Trade Cases 67,546
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIGGIE INTERNATIONAL INC., Petitioner,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 86-3075.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided April 21, 1987.
 
 Before BUTZNER and CHAPMAN, Circuit Judges, and SIMONS, United States District Judge for the District of South Carolina, sitting by designation.
 Edwin S. Rockefeller (Schiff Hardin & Waite, on brief), Robin R. Starr, for petitioner.
 Robert D. Paul, Ernest J. Isenstadt, Joanne L. Levine, for respondent.
 PER CURIAM:
 
 
 1
 This Petition for review challenges a Federal Trade Commission (Commission) Order which found that Figgie International, Inc. (Figgie), had made deceptive advertising representations about the efficacy of its heat detectors, which were marketed to provide warnings of fire. The Commission's Order imposed restrictions on the future advertising of Figgie's heat detectors and required that Figgie acknowledge in its product literature that smoke detectors give earlier warning than heat detectors in most residential fires. We affirm the Commission's Order.
 
 
 2
 Figgie sells a variety of products in interstate commerce, including fire warning systems that combine smoke detectors and heat detectors. Figgie manufactures the heat detectors itself, and buys the smoke detectors from another manufacturer. Figgie does not sell directly to consumers but markets its products through retail sales outlets. Figgie recommends that purchasers buy heat detectors for nearly every room of their houses, and typical sales involve a consumer purchase of four or five heat detectors and one smoke detector.
 
 
 3
 On May 17, 1983, the Commission issued an administrative complaint alleging that Figgie's claims for its Vanguard heat detectors were unfair and deceptive, in violation of 15 U.S.C. Sec. 45. The case was tried before an Administrative Law Judge (ALJ) beginning in April 1984. On October 23, 1984, the ALJ concluded that Figgie had made the representations alleged in the Complaint, and that Figgie's representations concerning the effectiveness of the heat detectors were deceptive, because heat detectors typically do not give necessary warning for escape. The ALJ went on to conclude that Figgie's representation concerning the advantage of a combination of heat and smoke detectors was not entirely deceptive.
 
 
 4
 Figgie appealed the ALJ's Order to the Commission, and Complaint Counsel cross-appealed, contending that the ALJ's Order should be modified to close certain loopholes. When the Commission issued its own opinion on April 11, 1986, it affirmed most of the ALJ's findings but disagreed with his conclusion that a combination of heat detectors and smoke detectors offered significantly greater protection than smoke detectors alone. As noted above, the Commission imposed restrictions on Figgie's future claims concerning its fire detection systems.
 
 
 5
 In the Petition before us, the crux of Figgie's claim is that substantial evidence does not support the Commission's finding that heat detectors do not give the necessary warning. Figgie also complains that the Commission's findings are based on the theory of deceptive advertising not alleged in the original Complaint, and that the terms of the Commission's Order exceed its remedial discretion.
 
 
 6
 Section 5(c) of the FTC Act, 15 U.S.C. Sec. 45(c), provides that "The findings of the Commission as to facts, if supported by evidence, shall be conclusive." We consider this to be one of several statutory applications of the substantial evidence rule. The standard of review to be applied has been stated as requiring "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." FTC v. Indiana Federation of Dentists, --U.S. ----, 106 S.Ct. 2009, 2015 (1986); Harry and Bryant Co. v. FTC., 726 F.2d 993, 999 (4th Cir.1984), cert. denied, 105 S.Ct. 91 (1984). Under this standard the court should not reweigh evidence, and the possibility that a different inference may be drawn from certain facts does not indicate that substantial evidence is absent.
 
 
 7
 The Commission relied on the results of the Cal Chiefs Tests and the Indiana Dunes Tests to support its conclusions on the utility of heat detectors. While these tests were not absolutely free of debatable elements, we consider the Commission to have been justified in its view that the tests were based upon reasonable assumptions. Further, we conclude that these test results yield substantial evidence to support the Commission's ruling on the warning effectiveness of Figgie heat detectors.
 
 
 8
 We find no merit in Figgie's other claims of error, (1) that the Commission failed to define "life endangering situations" and (2) that the Commission's Order was at variance with the theories alleged in the original Complaint. The Commission was not required to precisely define "life endangering situations" because it is not charged with defining an absolute level of safety. As for the issue of variance from the original Commission Complaint, we find nothing to indicate that Figgie was not adequately on notice of the nature of the Commission's contentions about its deceptive advertising. There is no indication that Figgie was unable to properly defend itself before the ALJ because of the alleged variance.
 
 
 9
 Finally, we find no fault with the nature of the restrictions imposed in the Commission's Order. By its power to issue orders, the Commission is permitted to "fence in" violators from similar acts of deception. Fedders Corp. v. FTC, 529 F.2d 1398, 1401-02 (2nd Cir.), cert. denied 429 U.S. 818 (1976). We further note that the requirement that scientific substantiation be supplied by Figgie in any further claims about heat detector effectiveness is a type of restriction which has been upheld in other FTC cases involving health and safety claims. See Sterling Drug v. FTC, 741 F.2d 1146, 1155-57 (9th Cir.1984), cert. denied, --U.S. ----, 105 S.Ct. 1843 (1985).
 
 
 10
 For the reasons set out herein, the Commission's Order is affirmed, and pursuant to the directive of 15 U.S.C. Sec. 45(c), we hereby command Figgie's "obedience to the terms of such order of the Commission."
 
 
 11
 ORDER AFFIRMED.